1  Laurence D. King (SBN 206423)
   lking@kaplanfox.com
2  Linda M. Fong (SBN 124232)
   lfong@kaplanfox.com
3  KAPLAN FOX & KILSHEIMER LLP
   350 Sansome Street, Suite 400
4  San Francisco, CA 94104-1308
   Telephone: 415-772-4700
5  Facsimile: 415-772-4707

6  Joseph M. Vanek
   Angela Wilcox
7  David Germaine
   VANEK, VICKERS & MASINI, P.C.
8  111 S. Wacker Drive, Suite 4050
   Chicago, Illinois 60606
9  Telephone: 312-224-1500
   Facsimile: 312-224-1510
10

11 Counsel for Plaintiff

12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                        SAN FRANCISCO DIVISION
15

16 VOICEBOX CREATIVE, INC., a California    ) Case No.: 07-cv-05669-MHP
   Corporation,                             )
17                                          )
                                            )
18                        Plaintiff,        ) **AMENDED COMPLAINT FOR**
                                            ) **DECLARATORY JUDGMENT**
19                                          )
       vs.                                  )
20                                          )
                                            ) JURY DEMAND REQUESTED
21 KNAPP FARMS, INC. D/B/A KNAPP,           )
   WINERY AND VINEYARD RESTAURANT,          )
22 a New York Corporation,                  )
                                            )
23                        Defendants.       )
                                            )
24

25     For its amended complaint, Plaintiff VOICEBOX CREATIVE, INC., (hereinafter

26 "Voicebox"), by and through its attorneys, complains against KNAPP FARMS, INC., (hereinafter

27 "Knapp Farms") as follows:

28

---

AMENDED COMPLAINT FOR DECLARATORY                            Case No.: 07-cv-05669-MHP
JUDGMENT

## THE PARTIES

1. Plaintiff, Voicebox is a corporation organized and existing under the laws of the State of California with its principal place of business at 256 Sutter Street, 5th Floor, San Francisco, California, 94108. Plaintiff created the approved "Pasta Red Wine," "Pasta White Wine," and "Pasta Wine" trademarks for use in its business.

2. Upon information and belief, Defendant, Knapp Farms, Inc. d/b/a Knapp Winery and Vineyard Restaurant (hereinafter "Knapp Farms") is a corporation organized and existing under the laws of the State of New York with its principal place of business at 2770 County Road 128, Romulus, New York 14541. Upon information and belief, Knapp Farms has distributed and sold wines under the "Pasta Red," "Pasta Red Reserve," and "Pasta White" labels.

## VENUE AND JURISDICTION

3. Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1051 *et. seq.* (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

4. This Court has personal jurisdiction over Knapp Farms because Knapp Farms, on information and belief, conducts business in the State of California, including the sale of its products to California residents residing within this district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

6. An actual case or controversy has arisen between the parties. Knapp Farms has asserted sole rights to Voicebox's approved "Pasta Red Wine" trademark. These statements threaten injury to Voicebox.

## ALLEGATIONS

7. Voicebox is in, among other things, the wine business and created the approved "Pasta Red Wine," "Pasta White Wine," and "Pasta Wine" trademarks for use in its business.

8. On April 17, 2006, and pursuant to 15 USC §1051(b), Voicebox filed its Intent to Use Trademark Application with the United States Patent and Trademark Office (hereinafter

"USPTO") for registration of the "Pasta Red Wine" (Application No. 78/862,907), "Pasta White Wine" (Application No. 78/804,364), and "Pasta Wine" (Application No. 78/862,871) marks.

9. On December 12, 2006 the USPTO published the "Pasta Red Wine," "Pasta White Wine," and "Pasta Wine" marks for opposition.

10. Pursuant to the Trademark Act, once a trademark application is approved for publication, anyone who believes that their mark will be damaged by the published mark can initiate a trademark opposition proceeding before the USPTO within thirty (30) days of publication. *See*, 15 U.S.C. § 1063(a) [Section 13(a) of the Trademark Act].

11. Pursuant to the Trademark Act, unless registration is successfully opposed:

(1) a mark entitled to registration on the principal register based on an application filed under section 1(a) [15 USC 1051(a)] or pursuant to section 44 [15 USC 1126] shall be registered in the Patent and Trademark Office, a certificate of registration shall be issued, and notice of the registration shall be published in the Official Gazette of the Patent and Trademark Office; or

(2) a notice of allowance shall be issued to the applicant if the application applied for registration under section 1(b) [15 USC 1051(b)].

*See*, 15 U.S.C. § 1063(b) [Section 13(a) of the Trademark Act].

12. In connection with the Voicebox marks at issue, neither Knapp Farms nor any other entity initiated a trademark opposition proceeding before the USPTO within thirty (30) days of the December 12, 2006 publication date.

13. Indeed, on or about March 6, 2007, the USPTO issued a notice of allowance to Voicebox for each of the "Pasta Red Wine," "Pasta White Wine," and "Pasta Wine" marks.

14. Thereafter, on or about August 30, 2007 Knapp Farms contacted Voicebox, asserting that Knapp Farms maintained sole rights to the "Pasta Red" mark and requested Voicebox cease and desist any further use of the "Pasta Red Wine" mark.

////

15. Upon information and belief, Knapp Farms is in the restaurant business and, as part of that business sells wine into local and, on a very limited basis, to out of state markets, including California and this district. Upon further information and belief, on limited and sporadic occasions, Knapp Farms sold wine under the "Pasta Red," "Pasta Red Reserve," and/or "Pasta White" labels into local and out of state markets, including California and this district. Upon further information and belief, Knapp Farm's use of the "Pasta Red," "Pasta Red Reserve," and "Pasta White" labels was sporadic and not sufficient to establish common law rights to those trademarks in any geographic region, other than at best a remote area that encompasses no more than a ten mile radius of its principal place of business in Romulus, New York.

16. Upon information and belief, Knapp Farms previously registered the "Pasta Red" trademark through the USPTO on or about February 11, 1997 (Registration No. 2,036,878).

17. Nevertheless, Knapp Farms thereafter failed to renew its registration through the USPTO for the "Pasta Red" mark (Registration No. 2,036,878) and such mark was cancelled on or about November 15, 2003, leading Voicebox to believe that Knapp Farms had little or no interest in the marks. Upon further information and belief, Knapp Farms has never registered the "Pasta White" mark with the USPTO. Accordingly, any rights to the "Pasta Red," "Pasta Red Reserve," and "Pasta White" marks can only be based upon common law usage, which requires a showing of consistent and significant use in each specific geographic region claimed. On information and belief, Knapp Farms has not used the "Pasta Red," "Pasta Red Reserve," or "Pasta White" marks on a consistent and significant basis in any geographic region since the date of Voicebox's trademark applications, other than at best a remote area that encompasses no more than a ten mile radius of its principal place of business in Romulus, New York.

**CLAIMS FOR RELIEF**

**COUNT I.**
**(Declaratory Judgment of Non-Infringment of Trademarks and Determination of Rights to Trademarks)**

18. Voicebox repeats and realleges Paragraphs 1 through 17 above as Paragraph 18 of Count I as though fully set forth herein.

19. Knapp Farms has claimed exclusive rights to Voicebox's approved "Pasta Red Wine" mark and has therefore threatened injury to Voicebox on that basis.

20. An actual, present and justiciable controversy has arisen between Voicebox and Knapp Farms regarding Voicebox's right to use its approved "Pasta Red Wine," "Pasta White Wine," and "Pasta Wine" marks.

WHEREFORE, Voicebox seeks declaratory judgment from this Court:

(1) Declaring the respective rights of Voicebox and Knapp Farms to the "Pasta Red Wine," "Pasta White Wine," and "Pasta Wine" marks;

(2) Declaring Voicebox retains the right to use its approved "Pasta Red Wine," "Pasta White Wine," and "Pasta Wine" marks in all areas of the United States; and,

(3) For such other and further relief as the Court deems just and proper, such as attorney's fees and costs.

PLAINTIFF DEMANDS TRIAL BY JURY.

DATED: January 17, 2008                KAPLAN FOX & KILSHEIMER LLP

By: _____s/ Linda M. Fong_____
Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104-1308
Telephone: 415-772-4700
Fax: 415-772-4707

Joseph M. Vanek
Angela Wilcox
David Germaine
Jeff Moran
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
Telephone: 312-224-1500
Facsimile: 312-224-1510

Counsel for Plaintiff

# PROOF OF SERVICE

I, Lisa C. D'Annunzio, declare that I am over the age of eighteen (18) and not a party to the within action. I am employed in the law firm of Kaplan Fox & Kilsheimer LLP, 350 Sansome Street, San Francisco, California 94104.

On January 17, 2008, I served the following document(s):

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

To the below parties:

| |
|---|
| David P. Germaine<br>Joseph M. Vanek<br>Angela Wilcox<br>VANEK, VICKERS & MASINI, P.C.<br>111 S. Wacker Drive<br>Suite 4050<br>Chicago, IL 60606 |

____ (BY FACSIMILE) I sent such document from facsimile machine on the above date. I certify that said transmission was completed and that all pages were received and that a report was generated by the facsimile machine which confirms said transmission and receipt.

XXX (U.S. MAIL) I placed the sealed envelope(s) for collection and mailing by following ordinary business practices of Kaplan Fox Kilsheimer LLP. I am readily familiar with Kaplan Fox Kilsheimer LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

____ (PERSONAL SERVICE) I caused personal delivery of the document(s) listed above the person(s) at the address(es) set forth below.

____ (BY OVERNIGHT DELIVERY) I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Kaplan Fox Kilsheimer LLP. I am readily familiar with Kaplan Fox Kilsheimer LLP's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed January 17, 2008, at San Francisco, California

_____
Lisa C. D'Annunzio